**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTEM STOLIAROV, PKA Arty,

   Plaintiff-Appellant,

 v.

MARSHMELLO CREATIVE, LLC, a
Delaware Limited Liability Company; et
al.,

   Defendants-Appellees.

No. 21-55442

D.C. No.
2:19-cv-03934-PSG-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted March 7, 2022
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Plaintiff Artem Stoliarov appeals the district court's grant of summary

judgment to Defendants Marshmello Creative, LLC; Joytime Collective LLC;

Marshmello Music LLC; WWKD Limited; Kobalt Music Publishing America,

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Inc.; and Polygram Publishing, Inc. (collectively, "Marshmello") on Stoliarov's claim for copyright infringement under 17 U.S.C. § 501(b). We have jurisdiction under 28 U.S.C. § 1291.

According to Paragraph C of the Remixer Declaration, Stoliarov agreed that his services for Interscope Records did not entitle him "to any ownership or financial interest in the underlying musical composition(s) embodied in the Remix Master(s)." Stoliarov concedes that this provision disclaims a copyright interest in "the underlying musical composition" embodied in the Remix Master. Therefore, the question is whether the Drop Melody is part of the underlying musical composition embodied in the Remix Master.

There is no dispute that the Drop Melody is embodied in the Remix Master. The Remix Master is defined in the Remixer Declaration as the original master recording "embodying the featured performance" of Stoliarov. Because Stoliarov's featured performance includes the Drop Melody, that melody is embodied in the Remix Master.

We conclude that the Drop Melody is also a part of the "underlying musical composition(s) embodied in the Remix Master(s)." The term "underlying musical composition" has a well-established meaning in copyright law as referring to the musical composition expressed in any given sound recording. *See, e.g.*, 1 Nimmer

On Copyright § 2.10[A][2]; 18 Am. Jur. 2d *Copyright and Literary Property* § 39 (2022); *Copyright Registration of Musical Compositions and Sound Recordings*, U.S. Copyright Office, https://www.copyright.gov/circs/circ56a.pdf (last visited Feb. 16, 2022). Because the Drop Melody is expressed in the Remix Master, it is included in the Remix Master's "underlying musical composition."

Therefore, by disclaiming any interest in the underlying musical composition embodied in the Remix Master, Stoliarov disclaimed his copyright interest in the Drop Melody. Without a copyright interest in the Drop Melody, Stoliarov cannot bring a claim for copyright infringement against Marshmello under 17 U.S.C. § 501(b).

Stoliarov argues that because Interscope engaged him to create a remix of One Republic's *I Lived*, we should read the phrase "underlying musical composition" in the Remixer Declaration as referring only to the original composition *I Lived*. Under California contract law, a court must consider extrinsic evidence regarding the parties' intentions to determine whether the language of the contract is ambiguous, which requires that it be "reasonably susceptible" to the interpretation urged by the party opposing summary judgment. *Wolf v. Superior Ct.*, 114 Cal. App. 4th 1343, 1351 (2004). Stoliarov has failed to present extrinsic evidence supporting his interpretation, however. Stoliarov's

experts opined only that musicians engaged to create a remix generally would not disclaim ownership of their original material, but the experts do not assert that the practice and custom in the music industry is to use the phrase "the underlying musical composition" to refer only to the original musical composition that is being remixed. Nor has Stoliarov proffered any other extrinsic evidence showing the intent of the parties to the Remixer Declaration.

Stoliarov also argues that the parties must have assumed that Stoliarov had a copyright interest in some selection of the musical composition embodied in the Remix Master. Otherwise, he argues, it would be unnecessary for Paragraph E of the Remixer Declaration to include a provision barring him from remixing "any recording for any person, firm or corporation other than Interscope which embodies, in whole or in part, any of the selections recorded in the Remix Master(s)," for three years. We disagree. This language is best interpreted as preventing a third party with rights to *I Lived* from engaging Stoliarov to produce a competing remix of *I Lived* for three years.

Stoliarov's remaining textual arguments also fail because they do not undermine the interpretation of the phrase "the underlying musical composition" as meaning the composition underlying the performance embodied in the Remix

4

Master (including the Drop Melody), and therefore do not undermine the conclusion that Stoliarov disclaimed his copyright interest in the Drop Melody.[1]

Because Stoliarov has not demonstrated that the Remixer Declaration is ambiguous, the district court was correct in granting summary judgment to the Defendants on Stoliarov's infringement claim. *See Wolf*, 114 Cal. App. 4th at 1351.[2]

In light of this holding, we dismiss as moot Stoliarov's appeals relating to the district court's grant of partial summary judgment regarding damages stemming from the Defendants' alleged infringement of the Drop Melody.[3]

**AFFIRMED IN PART; DISMISSED IN PART.**

---

[1]We decline to address the question of who owns the Drop Melody, because that issue is not directly addressed by the Remixer Declaration and is not before us.

[2]Because we affirm the district court's grant of summary judgment on Stoliarov's infringement claim, we do not address Marshmello's argument that this claim is barred by the statute of limitations.

[3]Assuming arguendo that we must reach the question whether the district court had personal jurisdiction over Steven McCutcheon and Rokstone Music Limited even though we affirm the dismissal of Stoliarov's copyright infringement claim, we affirm the district court's ruling on this issue. The record does not establish that these defendants had any substantive "suit-related conduct" creating "a substantial connection" with California. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (citation omitted).